IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **ANTHONY M. GIORDANO,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| **WESTROCK COMPANY and** | ) |
| **WESTROCK COATED BOARD,** | ) |
| **LLC** | ) |
| | ) |
| Defendant. | |

## NOTICE OF REMOVAL

COMES NOW Defendant WestRock Services, LLC (incorrectly named in the Complaint as WestRock Company and WestRock Coated Board, LLC) ("WestRock" or "Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and gives notice of the removal of this action from the Circuit Court of Russell County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division.

### I.  Procedural Background

1. This case, styled *Anthony M. Giordano v. WestRock Company and WestRock Coated Board, LLC*, was filed on or about February 15, 2020 in the Circuit Court of Russell County, Alabama, bearing the case number 57-CV-2020-900041.00.

2. Defendant was served with the Summons and Complaint on February 26, 2020. A true and correct copy of all process, pleadings, and orders served upon Defendant is attached hereto as Exhibit A.

3. This removal has been timely filed because it is filed within thirty (30) days of the date the Defendant were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

4. This action could have been filed with this Court pursuant to 28 U.S.C. § 1331, inasmuch as Plaintiff asserts claims under 29 U.S.C. § 185 or as Plaintiff's claims are preempted by that statute, and, in the alternative, other claims are subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## II. Legal Basis For Removal

5. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the Complaint, rather than to any defenses asserted by the defendant. *See Caterpillar Inc. v.*

*Williams,* 482 U.S. 386, 392 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar,* 482 U.S. at 393.

7. There is, however, an exception, or corollary, to the well-pleaded complaint rule. This exception is known as the "complete preemption" doctrine. *Id.* Namely, where the removal petition demonstrates that the plaintiff's claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557 (1968). This exception is recognized in the rare instance that Congress so "completely preempts a particular area that any civil complaint . . . is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64 (1987).

8. Although the instances in which complete preemption has been recognized are rare, the Supreme Court has found complete preemption with regard to § 301 of the Labor Management Relations Act (29 U.S.C. § 185). *See Avco Corp.,* 390 U.S. at 559.

9. Section 301 states, in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

3

29 U.S.C. § 185.

10. The law is well-settled that "the preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. V. Construction Laborers Vaction Trust,* 463 U.S. 1, 23 (1983) (citing *Avco Corp.*, 390 U.S. at 560).

11. Any such suit that is founded directly on rights created by a collective bargaining agreement or substantially dependent upon an analysis of a collective bargaining agreement is a "creature of federal law." *Id.*

12. Additionally, "if the federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 24.

13. The Eleventh Circuit has held that Alabama state-law claims that implicate a collective bargaining agreement are completely pre-empted by §301 of the LMRA. *See Darden v. United States Steel Corp.,* 830 F.2d 1116, 1119 (11th Cir. 1987) ("It is well established that § 301 governs and, hence, preempts claims that are either founded directly on rights created by a collective bargaining agreement or substantially dependent upon an analysis of a collective bargaining agreement.").

4

14. Section 301 of the LMRA "contemplates suits by and against individual employees as well as between unions and employers." *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976). Furthermore, §301 suits "encompass those seeking to vindicate 'uniquely personal' rights of employees such as wages, hours, overtime pay, and wrongful discharge." *Id.*

15. "When resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties to a labor contract, that claim must either be treated as a §301 claim, or dismissed as preempted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

### III. Legal Application

16. Plaintiff's Complaint asserts three counts: (i) breach of the parties' 2013 settlement agreement, (ii) retaliatory discharge in violation of Ala. Code § 25-5-11.1, and (iii) outrage.

17. Plaintiff is seeking to enforce a settlement agreement from a 2012 lawsuit that necessarily requires the interpretation of the relevant collective bargaining agreement(s) between WestRock and the United Steelworkers, which at all times germane to this lawsuit represented a certified bargaining unit of which Plaintiff was a member.

18. Count one of Plaintiff's Complaint is premised on Plaintiff's allegation that WestRock failed to comply with a 2013 settlement agreement, which grants Plaintiff "all benefits to which he is entitled i.e. vacation pay, holiday pay *under the labor agreement*." (Ex. A, at 9, at ¶ 29) (emphasis added).

19. Plaintiff's Complaint further alleges that "WestRock's failure to pay benefits due to Giordano constitutes a violation of the Agreement." (*Id.*, ¶ 35.)

20. Moreover, Plaintiff's Complaint specifically references language from the 2016 Labor Agreement between WestRock and the United Steelworkers. (*Id.* at 8, ¶ 26.)

21. The viability of Plaintiff's first count depends on what "benefits" he is "entitled" to "under the labor agreement." (*Id.* at 9, ¶ 29.) Accordingly, Plaintiff's first claim is "substantially dependent upon analysis of the terms of [the] agreement made between the parties to a labor contract" *Allis-Chalmers Corp.*, 471 U.S. at 220. Therefore, that claim "must . . . be treated as a § 301 claim." *Id.*

22. Plaintiff's outrage claim is also necessarily dependent on an interpretation of the relevant labor agreement. (*See* Ex. A at 11–12, ¶¶ 51–56.) Therefore, this claim is also subject to preemption in its own right under § 301 of the LMRA.

23. Even if Plaintiff's outrage claim was not preempted by the LMRA (which it is), this Court has supplemental jurisdiction over this additional state-law

claim under 28 U.S.C. § 1367, as it arises from the same transaction or occurrence as the breach of settlement agreement claim.[1]

24. As at least one of Plaintiff's causes of action arises under 29 U.S.C. § 185, over which this Court has original federal question jurisdiction, Plaintiff's Complaint is proper for removal under 28 U.S.C. § 1441(a).

### IV. All Requirements For Removal Are Satisfied

25. A Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, is being filed with the Clerk of the Circuit Court of Russell County, Alabama, as provided by law, and written notice is being sent to Plaintiff.

26. All properly joined and served defendants join in and consent to this removal.

27. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

28. The United States District Court for the Middle District of Alabama, Eastern Division, is the federal judicial district encompassing the Circuit Court of Russell County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 83(a)(2) and § 1441(a).

---

[1] Defendant concedes that Plaintiff's second count for retaliatory discharge under Ala. Code § 25-5-11.1 is not removable under 28 U.S.C. § 1445(c), which prohibits the removal of claims "arising under the workmen's compensation laws" of a State. The Eleventh Circuit has held that retaliatory discharge claims under Alabama law cannot be removed to pursuant to this provision. *See Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000). However, Plaintiff's remaining two counts are removable and should not be remanded to Russell County Circuit Court.

29. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District of Alabama, Eastern Division.

30. If any question arises as to the propriety of removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

31. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the Defendant's rights to assert any defense or affirmative matter.

WHEREFORE, PREMISES CONSIDERED, Defendant, by and through its counsel, desiring to remove this civil action to the United States District Court for the Middle District of Alabama, Eastern Division, being the district and division for the county in which such civil action is pending, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Russell County, Alabama, shall effect the removal of said action to this Honorable Court.

Respectfully submitted,

Stephanie H. Mays
Brock Phillips

*Attorneys for Defendant*

**OF COUNSEL:**
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999 (fax)
smays@maynardcooper.com
bphillips@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2020, I conventionally filed the foregoing with the Clerk of the Court and will send notification of the filing to the following via U.S. Mail and electronic mail:

Archie I. Grubb, II
Braswell, Murphy, & Grubb, LLC
1430 Wynnton Road
Columbus, GA 31906
(706) 221-7020
archie@braswellmurphy.com

D. Brian Murphy
Braswell, Murphy, & Grubb, LLC
105 North Conception Street, Suite 100
Mobile, AL 36602
(251) 225-4811
brian@braswellmurphy.com

OF COUNSEL