ELECTRONICALLY FILED
2/15/2020 2:08 PM
57-CV-2020-900041.00
CIRCUIT COURT OF
RUSSELL COUNTY, ALABAMA
JODY SELLERS, CLERK

## IN THE CIRCUIT COURT OF RUSSELL COUNTY, ALABAMA

| | |
|---|---|
| ANTHONY M. GIORDANO, | * |
| Plaintiff, | * |
| v. | *    CIVIL ACTION NUMBER: |
| WESTROCK COMPANY and WESTROCK COATED BOARD, LLC, | * _____ |
| Defendants. | * |

### COMPLAINT

1. This case is about the defendants' breach of a prior court-approved workers' compensation settlement agreement.

### STATEMENT OF THE PARTIES

2. Plaintiff Anthony Giordano ("Giordano") is over the age of 19 years and resides in Fortson, Harris County, Georgia.

3. Defendant WestRock Company is a corporation organized under Delaware law and is a citizen of the State of Georgia.

4. WestRock Company is a multinational provider of paper and packaging solutions for consumer and corrugated packaging markets.

5. Defendant WestRock Coated Board, LLC ("WestRock Coated Board"), is a limited liability company organized under Delaware law and is a citizen of the State of Georgia.

6. At all times relevant to this action, WestRock Coated Board is a wholly owned subsidiary and agent of WestRock Company.

7. WestRock Company and WestRock Coated Board (collectively "WestRock") have a manufacturing facility ("Cottonton Mill") located at 145 Highway 165 South,

Cottonton, Russell County, Alabama 36851, where the acts and omissions giving rise to the claims in this action occurred.

8. WestRock acquired the Cottonton Mill through its merger with Mead Westvaco Corporation ("Mead"), which owned the facility up to July, 2015. Giordano was employed by Mead at the Cottonton Mill.

9. Venue is proper in this court as the county in which the acts and omissions giving rise to the claims in this action occurred.

## STATEMENT OF THE FACTS

10. On August 3, 2011, Giordano was employed by WestRock's predecessor, Mead, as an industrial maintenance mechanic at the Cottonton Mill.

11. At said time and place, Giordano was injured in the line and scope of his employment with Mead. Specifically, Giordano was pulling cable when he suffered a disabling injury in his back, thereby causing total and permanent disability.

12. Giordano brought a timely workers' compensation claim in the Circuit Court of Russell County, Alabama. Anthony M. Giordano v. Mead Westvaco Corporation, 57-CV-2012-000128 (filed Sept. 10, 2012).

13. Giordano alleged a claim for workers' compensation benefits under the Alabama Workers' Compensation Act (Ala. Code § 25-5-1, et seq.), as well a claim for retaliatory discharge (Ala. Code § 25-5-11.1). See Exhibit A, "2012 Complaint."

14. On March 28, 2013, the parties engaged in mediation, which resulted in a settlement. The settlement, memorialized in the "Memorandum Of Settlement At Mediation," provided, in part that Giordano would receive a settlement payment of $200,000. See Exhibit B, "2013 Mediation Settlement Memorandum," ¶ 1.

15. The settlement further provided, "The settlement shall not effect [sic] and the Plaintiff shall retain all other benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement with the Defendant." Id. at ¶ 7.

16. On April 23, 2013, the parties filed a "Petition For Lump Sum Settlement And Proposed Settlement." See Exhibit C, "2013 Settlement Petition."

17. The petition provided for a lump sum settlement of $200,000. Id. at ¶ 6.

18. In addition, the petition stated, "This settlement shall not effect [sic] and the Plaintiff shall retain all other benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement with the Defendant." Id.

19. Also, on April 23, 2013, following a hearing in the Circuit Court of Russell County, Alabama, Hon. Albert Johnson, entered an order approving the settlement and petition. See Exhibit D, "2013 Order Approving Settlement."

20. Judge Johnson's order expressly provided that Mead would have no further liability to Giordano "with the exception that the Plaintiff retains all benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement...." Id.

21. From the time of Judge Johnson's order through 2019, Mead and its successor, WestRock, provided regular payments of vacation pay, holiday pay, and other benefits to Giordano that exceeded $12,000 annually.

22. On September 17, 2019, WestRock's representative Steve Barrett mailed a letter to Giordano which stated that a new labor agreement, effective January 1, 2016, provided that "seniority shall be broken when an employee has been on a leave of absence for a period in excess of twenty-four (24) months." See Exhibit E, "Barrett Letter."

23. Barrett's letter continued, "Since you were on a leave of absence at the time of the ratification of the current Labor Agreement, your twenty-four month period began January 1, 2016 and as a result your seniority should have been broken on or about January 1, 2018. Since you have been on a leave of absence in excess of twenty-four months, the Company is notifying you that your seniority is broken and your employment is terminated effective September 17, 2019." Id.

24. The intent and plain language of the 2013 settlement is that Giordano would be entitled to benefits due under the Labor Agreement in place at the time of the settlement. As such, the 2016 Labor Agreement does not apply to Giordano's entitlement to benefits under the settlement.

25. Furthermore, even if the 2016 Labor Agreement is applicable to Giordano, WestRock has failed to comply with its express conditions.

26. The 2016 Labor Agreement provides, under Article 14, "Leaves of Absences," that "Any leave of absence granted to an employee for a period of over two (2) weeks shall be put in writing, signed by the proper Company official, and a copy sent to the Secretary of the Local Union." 2016 Labor Agreement, Art. 14, ¶ 1.

27. Giordano never requested a leave of absence, and WestRock has not put any such leave of absence for Giordano "in writing, signed by the proper Company official, and a copy sent to the Secretary of the Local Union." As such, WestRock has not complied with the conditions precedent to terminate Giordano under the 2016 Labor Agreement.

### COUNT ONE – ENFORCEMENT OF 2012 SETTLEMENT

28. The plaintiff realleges paragraphs 1 through 27 of the complaint as if set

out here in full.

29. On or about April 23, 2013, Giordano and WestRock's predecessor, Mead, entered into a court-approved settlement which provided, in part, that Giordano would retain "all benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement."

30. From the time of the settlement into 2019, Mead, and then its successor WestRock, made regular payments of benefits, including vacation pay and holiday pay, to Giordano in compliance with the 2013 settlement.

31. On September 17, 2019, however, WestRock notified Giordano that it would no longer pay his benefits, including vacation pay and holiday pay, pursuant to the 2013 settlement.

32. WestRock has not made any further benefit payments to Giordano and, therefore, has not complied the terms of its 2013 settlement with Giordano.

33. The 2013 settlement between Giordano and WestRock constitutes a contract which was breached upon WestRock's failure to pay any further benefits due to Giordano.

34. Furthermore, the 2013 settlement was ratified by Judge Johnson's April 23, 2013 Order Approving Settlement.

35. WestRock's failure to pay benefits due to Giordano constitutes a violation of Judge Johnson's order.

36. Accordingly, plaintiff Giordano demands judgment against defendant WestRock in such an amount of compensatory damages, including past due and future benefits and mental anguish, as a jury may award and the costs of this action.

## COUNT TWO – RETALIATION

37. The plaintiff realleges paragraphs 1 through 27 of the complaint as if set out here in full.

38. On or about April 23, 2013, Giordano and WestRock's predecessor, Mead, entered into a court-approved settlement which provided, in part, that he would retain "all benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement."

39. From the time of the settlement into 2019, Mead, and then its successor WestRock, made regular payments of benefits, including vacation pay and holiday pay, to Giordano in compliance with the 2013 settlement.

40. On September 17, 2019, however, WestRock notified Giordano that it would no longer pay his benefits, including vacation pay and holiday pay, pursuant to the 2013 settlement.

41. WestRock further notified Giordano that "your seniority is broken and your employment is terminated effective September 17, 2019."

42. WestRock's termination of Giordano on September 17, 2019, constitutes a retaliatory discharge under the Alabama Workers' Compensation Act.

43. The Alabama Workers' Compensation Act, Ala. Code § 25-5-11.1, prohibits employers from discharging or otherwise discriminating against an employee who files a workers' compensation claim.

44. Giordano engaged in activity protected by Ala. Code § 25-5-11.1, including filing and settling a claim for workers' compensation benefits.

45. Giordano suffered an adverse employment action when Mead initially

6

terminated his employment in 2012. This retaliatory discharge was the subject of the 2013 settlement.

46.     Giordano has now suffered a second retaliatory discharge by virtue of WestRock's decision to terminate Giordano effective September 17, 2019.

47.     WestRock's adverse employment action against Giordano, including terminating his employment and refusing to pay benefits due under the 2013 settlement, was a result of Giordano having filed and settled a workers' compensation action with the company.

48.     WestRock's adverse employment actions against Giordano would not have occurred but for WestRock's retaliatory intent.

49.     Accordingly, plaintiff Giordano demands judgment against defendant WestRock in such an amount of compensatory damages as a jury may award, including past due and future benefits as well as mental anguish; a separate amount of punitive damages; and the costs of this action.

## COUNT THREE – OUTRAGE

50.     The plaintiff realleges paragraphs 1 through 27 of the complaint as if set out here in full.

51.     On or about April 23, 2013, Giordano and WestRock's predecessor, Mead, entered into a court-approved settlement which provided, in part, that he would retain "all benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement."

52.     From the time of the settlement into 2019, Mead, and then its successor WestRock, made regular payments of benefits, including vacation pay and holiday pay,

to Giordano in compliance with the 2013 settlement.

53.    On September 17, 2019, however, WestRock notified Giordano that it would no longer pay his benefits, including vacation pay and holiday pay, pursuant to the 2013 settlement.

54.    WestRock further notified Giordano that "your seniority is broken and your employment is terminated effective September 17, 2019."

55.    WestRock's above-described actions, including terminating Giordano's employment and refusing to pay benefits due under the 2013 settlement, were calculated to inflict emotional distress. At the least, WestRock should have known that these actions were likely to cause Giordano to suffer emotional distress.

56.    As a result of WestRock's termination of Giordano and refusal to pay benefits due to him under the 2013 settlement, Giordano faces significant financial harm for which he was not prepared, which in turn has caused him to experience periods of severe distress, anxiety, nervousness, and frustration.

57.    Accordingly, plaintiff Giordano demands judgment against defendant WestRock in such an amount of compensatory damages as a jury may award, including past due and future benefits as well as mental anguish; a separate amount of punitive damages; and the costs of this action.

/s/ Archie I. Grubb, II
ARCHIE I. GRUBB, II (GRU015)
BRASWELL, MURPHY & GRUBB, LLC
Attorneys for Plaintiff
1430 Wynnton Road
Columbus, GA 31906
(706) 221-7020
archie@braswellmurphy.com

/s/ D. Brian Murphy
D. BRIAN MURPHY (MURP059)
BRASWELL, MURPHY & GRUBB, LLC
Attorneys for Plaintiff
105 North Conception Street, Suite 100
Mobile, AL 36602
(251) 225-4811
brian@braswellmurphy.com

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

/s/ Archie I. Grubb, II
OF COUNSEL

Defendant WestRock Company may be served as follows:

WESTROCK COMPANY
c/o CORPORATION SERVICE COMPANY
40 Technology Parkway South, #300
Norcross, GA 30092

Defendant WestRock Coated Board may be served as follows:

WESTROCK COATED BOARD, LLC
c/o CORPORATION SERVICE COMPANY
40 Technology Parkway South, #300
Norcross, GA 30092