IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY M. GIORDANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:20-cv-221-ECM |
| ) | (WO) |
| WESTROCK COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**

**I. INTRODUCTION**

Anthony Giordano ("Plaintiff") filed suit against Westrock Company and Westrock Coated Board, LLC (collectively "Defendants") in the Circuit Court of Russell County, Alabama. (Doc. 1-1). In his initial state court complaint, the Plaintiff asserted claims for breach of contract, workers' compensation retaliation, and outrage arising out of the Defendants' failure to pay benefits under a 2013 workers' compensation settlement agreement. (*Id.*). On March 27, 2020, the Defendants removed the case to this Court based on federal question jurisdiction. 28 U.S.C. § 1331 and § 1441. Following the Defendants' removal of the case, the Plaintiff filed an amended complaint with the Court on April 15, 2020. (Doc. 9).[1]

In support of removal, the Defendants argue that § 301(a) of the Labor Management Relations Act ("LMRA") completely preempts the Plaintiff's state-law claims. 29 U.S.C. § 185(a). Additionally, the Defendants assert that "[b]y voluntarily filing his Amended Complaint

---

[1] The Court notes that in his amended complaint, the Plaintiff dropped his outrage claim against the Defendants and added an additional Defendant – WestRock Services, LLC.

in this court (as opposed to filing his Amended Complaint in state court), Plaintiff has waived any argument he might have for remanding this case to Russell County Circuit Court." (Doc. 16 at 2). The Plaintiff disagrees, advancing two separate arguments: (1) 28 U.S.C. § 1445(c) prevents the removal to federal court of claims arising under Alabama's workers' compensation statute; and (2) the complete preemption exception to the well-pleaded complaint rule does not apply to his state-law causes of action.

Now pending before the Court is Plaintiff's Motion to Remand. (Doc. 10). Upon consideration of the motion, and for the reasons that follow, the Court concludes that the Motion to Remand is due to be granted.[2]

## II. BACKGROUND

The central dispute in this case arises out of a 2013 workers' compensation settlement agreement entered into by the parties. Specifically, in August 2011, while working for the Defendants predecessor,[3] the Plaintiff alleges that he "was injured in the line and scope of his employment . . .." (Doc. 9 at 2). Due to his on the job injury, the Plaintiff filed a workers' compensation claim in the Circuit Court of Russell County, Alabama. (*Id*. at 2-3). Ultimately, on April 23, 2013, the Plaintiff's workers' compensation claim resulted in a court approved settlement. (*Id*. at 3).

The state court order approving the parties' settlement released the Defendants' predecessor from liability relating to the Plaintiff's workplace injury with the caveat that "the

---

[2] Also pending before the Court is the Defendants' motion to dismiss (doc. 15). Because the court concludes that it does not have jurisdiction over this matter, it does not have jurisdiction to rule on the motion to dismiss.

[3] According to the Plaintiff, the Defendants' predecessor in interest was Mead Westvaco Corporation ("Mead"). (Doc. 9 at 2). As part of a merger between Mead and the Defendants in July 2015, the Defendants acquired the facility where the Plaintiff sustained his workplace injury. (*Id*.).

Plaintiff retain[ed] all benefits to which he [was] entitled i.e. vacation pay, holiday pay under the labor agreement with the [Defendants' predecessor]." (Doc. 9-4). The parties' 2013 mediation settlement agreement contained substantially similar language. (Doc. 9-2 at 2). Based on this language, the Plaintiff asserts that he received annual payments of $12,000 from the Defendants, and that such payments continued through 2019. (Doc. 9 at 4).

On September 17, 2019, however, the Plaintiff received a letter from the Defendants informing him that under the new labor agreement ratified in 2016, "seniority shall be broken when an employee has been on a leave of absence for a period in excess of twenty-four (24) months." (Doc. 9-5). The letter went on to note that since the Plaintiff was "on a leave of absence at the time of the ratification of the current Labor Agreement, [his] twenty-four month period began January 1, 2016 and as a result [his] seniority should have been broken on or about January 1, 2018." (*Id.*). The letter concluded by notifying the Plaintiff that his seniority was broken and his employment with the Defendants terminated. (*Id.*). Against this backdrop, the Plaintiff alleges that the "intent and plain language of the 2013 workers' compensation settlement" entitles him "to benefits due under the Labor Agreement in place at the time of the [2013] settlement," and that the 2016 labor agreement does not affect the terms of the settlement. (Doc. 9 at 4). Accordingly, count I of the Plaintiff's amended complaint seeks to enforce the terms of the 2013 workers' compensation settlement.

As previously mentioned, the Defendants rely on the "rare doctrine" of complete preemption to support the removal of this case to federal court. *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1261 n.16 (11th Cir. 2011). Specifically, the Defendants argue that because "[t]he viability of Plaintiff's first count depends on what 'benefits' he is 'entitled' to 'under the labor

3

agreement,' his "first claim is 'substantially dependent upon analysis of the terms of [the] agreement made between the parties to a labor contract.'" (Doc. 1 at 6) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (alteration in original)). Thus, according to the Defendants, count I of the Plaintiff's amended complaint arises under § 301(a) of the LMRA, and must be preempted. (*Id*.). Moreover, the Defendants claim that the Plaintiff has waived his remand argument by filing an amended complaint with the Court.

Therefore, the two primary issues before the Court are whether the Plaintiff's attempt to enforce the terms of the 2013 workers' compensation settlement agreement necessarily triggers the application of the complete preemption doctrine and whether the Plaintiff waived his remand argument when he filed his amended complaint. The Court will address each issue in turn.

## III. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). In light of their limited jurisdiction, federal courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Charon-Bolero v. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). When jurisdiction turns on removal, "federal courts are directed to construe removal statutes strictly" and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Moreover, "in evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

## IV. DISCUSSION

*A. "Complete Preemption" Doctrine*

Typically, "a complaint alleging only state law claims is not removable to federal court based on federal subject matter jurisdiction." *Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Fla., Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015) (citation omitted). Courts, however, are not bound by labels used in the complaint. *Id*. at n.2. Thus, "[t]he test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. *Id*. at 1337 (citation and quotations omitted).

The complete preemption doctrine provides a narrow exception to the well-pleaded complaint rule and "exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Id*. (citations and quotations omitted). When federal law completely preempts a plaintiff's state-law cause of action, the defendant may remove the case to federal court notwithstanding the fact that a federal question does not appear on the face of the plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (explaining "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.") (citation omitted). Although the doctrine of complete preemption is rare, section 301(a) of the LMRA represents one of the statutes to which the doctrine of complete preemption applies. *See Textile Workers v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957) (concluding "the substantive law to apply in suits under [§] 301(a) is federal law, which the courts must fashion from the policy of our national labor laws."). Section 301(a) provides:

5

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

§ 185(a).

Complete preemption of state-law claims for violations of labor contracts "exists to 'ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes.'" *Bartholomew v. AGL Res., Inc.*, 361 F.3d 1333, 1338 (11th Cir. 2004) (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 (1988)). "[B]ut it is important to note that 'not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 . . . .'" *Id.* (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985)). Moreover, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement." *Caterpillar*, 482 U.S. at 396 (emphasis in original).

There are two situations in which § 301(a) of the LMRA preempts a wholly state-law claim: (1) if the claim is "founded directly on rights created by a collective bargaining agreement;" or (2) if the claim is "substantially dependent upon an analysis of a collective bargaining agreement." *Darden v. U.S. Steel Corp.*, 830 F.2d 1116, 1119 (11th Cir. 1987). To determine whether a plaintiff's state-law claim "requires interpretation of the terms of [a]

6

collective-bargaining agreement, [courts] first look to the elements of the state-law claim." *Lightning v. Roadway Express, Inc.*, 60 F.3d 1551, 1557 (11th Cir. 1995).

*B. Complete Preemption Analysis*

The Defendants argue that the Plaintiff's claim for breach of the 2013 workers' compensation settlement agreement necessarily requires the interpretation of the collective-bargaining agreement in place at the time of the settlement, thus subjecting the claim to complete preemption (Doc. 16 at 7). Put differently, the Defendants assert that because "[t]he settlement agreement provides for Plaintiff's retention of 'all benefits to which he is entitled . . . *under the labor agreement* . . . ,' one must analyze what 'benefits' Plaintiff is 'entitled' to receive under the [2013 collective-bargaining agreement]." (Doc. 16 at 8) (emphasis in original). According to the Defendants, this makes count I in the Plaintiff's amended complaint "substantially dependent on an analysis of the collective bargaining agreement . . . ." (*Id.*). The Court disagrees.

To begin, the Court construes count I of the Plaintiff's amended complaint as a common-law cause of action for breach of contract governed by Alabama's general principles of contract law. *See Schwartz v. Fla. Bd. Of Regents*, 807 F.2d 901, 905 (11th Cir. 1987) (holding "[a] settlement agreement is a contract and, as such, its construction and enforcement are governed by" state law). Moreover, an analysis of the elements of a breach of contract claim under Alabama law reveals that the Plaintiff's claim does not require interpretation of the collective-bargaining agreement in place at the time of the parties' 2013 workers' compensation settlement.

In Alabama, to state a claim for breach of contract "a party must establish: (1) the existence of a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) damages." *Capmark Bank v. RGR, LLC*,

7

81 So. 3d 1258, 1267 (Ala. 2011) (citation omitted). Here, the Plaintiff alleges in his amended complaint that "on or about April 23, 2013, [he and the Defendants'] predecessor, Mead, entered into a court-approved workers' compensation settlement, which provided, in part, that [the Plaintiff] would retain 'all benefits to which he is entitled i.e. vacation pay, holiday pay under the labor agreement.'" (Doc. 9 at 4-5). From this lone allegation, the Defendants contend that a fact finder will have to analyze what benefits the Plaintiff is entitled to receive under the 2013 collective-bargaining agreement to resolve the breach of contract claim. But the Plaintiff's claim is not based on any alleged breach of the 2013 collective-bargaining agreement. Rather, the Plaintiff sued in the instant case to enforce the terms of a court approved workers' compensation settlement.

Further, for over six years, the Defendants made annual benefit payments to the Plaintiff pursuant to the settlement agreement. This indicates to the Court that there is an established course of dealing between the parties governed by the settlement agreement, thus eschewing any need for analysis of the collective-bargaining agreement. While the Plaintiff's amended complaint does reference the 2013 labor agreement, "not every dispute . . . tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 . . . ." *Allis-Chalmers*, 471 U.S. at 211. In fact, "a plaintiff covered by a collective-bargaining agreement is permitted to assert legal rights *independent* of that agreement, including state-law contract rights, so long as the contract relied upon is *not* a collective-bargaining agreement." *Caterpillar*, 482 U.S. at 396 (emphasis in original).

The Defendants rely on the Eleventh Circuit's decision in *Bartholomew*, *supra*, to support their position that § 301(a) preempts breach of contract claims based on labor

8

agreements. That case is easily distinguishable. In *Bartholomew*, the plaintiffs brought a breach of contract claim against the defendants, alleging that "[b]y entering into the collective bargaining agreement with the plaintiffs, Defendants have expressly assumed contractual and fiduciary obligations to the plaintiffs." 361 F.3d at 1338 (alteration in original). The plaintiffs further alleged that "the defendants . . . violated their contractual obligations by termination of [the plaintiffs'] employment in manner contrary to the terms of the collective bargaining agreement." *Id.*

Based on these allegations, the court held that "the plaintiffs' state-law breach of contract claims [were] substantially dependent upon an analysis of the collective bargaining agreement," and thus preempted by § 301(a) of the LMRA. *Id.* at 1339. In reaching its decision, the court reasoned that because it was "undisputed that the plaintiffs' breach of contract claim refer[red] solely to the collective-bargaining agreement . . . there [was] no doubt that [the court] would be called upon to consider the terms of the labor contract." *Id.* at 1338-39.

Here, unlike the plaintiffs in *Bartholomew*, the Plaintiff's breach of contract claim does not rely exclusively, if at all, on the 2013 collective-bargaining agreement. Rather, it is clear from the amended complaint that the 2013 workers' compensation settlement agreement provides the foundation of the Plaintiff's claim. For instance, the Plaintiff alleges that the Defendants' have "not complied the [sic] terms of its 2013 workers' compensation settlement" and that the settlement "was breached by [the Defendants'] failure to pay any further benefits . . . ." (Doc. 9 at 5). Such allegations illustrate that the settlement agreement, and not the labor agreement, forms the basis of the Plaintiff's breach of contract claim. Indeed, nowhere in the Plaintiff's amended complaint does he allege that the Defendants violated the terms of the 2013

9

collective-bargaining agreement. What's more, the Defendants themselves acknowledge that "[i]t is the *settlement agreement itself* (and the alleged breach thereof) that gives rise to Plaintiff's first count . . . ." (Doc. 16 at 6) (emphasis added). In light of these key distinctions, the Defendants' reliance on *Bartholomew* is misplaced.

Because the Plaintiff asserts state-law contract rights pursuant to the 2013 workers' compensation settlement, a contract independent from the 2013 labor agreement, his breach of contract claim is not "substantially dependent upon an analysis of a collective bargaining agreement." *Darden,* 830 F.2d at 1119. Accordingly, § 301(a) of the LMRA does not preempt the Plaintiff's breach of contract claim.

*C. The Plaintiff did not Waive his Remand Argument*

Since § 301(a) of the LMRA does not completely preempt the Plaintiff's breach of contract claim, the Plaintiff's amended complaint does not present a federal question. Consequently, the Court lacks subject-matter jurisdiction over the case. On this basis alone, the Court finds that the Plaintiff's Motion to Remand is due to be granted. However, assuming, *arguendo*, that the Court could entertain the Defendants' waiver argument, the Court concludes that the Plaintiff did not waive his right to remand.

The Defendants assert that because the Plaintiff filed an amended complaint with the Court allegedly containing a claim arising under federal law, he has waived his right to seek remand of this case to state court.[4] Moreover, despite initially conceding that the Plaintiff's second count, a workers' compensation retaliatory discharge claim, was non-removable pursuant

---

[4] While not dispositive of the waiver issue, the Court notes that the Plaintiff reserved his right to challenge subject-matter jurisdiction in his amended complaint. (Doc. 9 at 2 n.2).

to 28 U.S.C. § 1445(c) (doc. 1 at 7 n.1), the Defendants now argue that the Plaintiff has waived his right to remand concerning that claim as well. Both of the Defendants' arguments are unavailing.

The Federal Rules of Civil Procedure provide "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Additionally, the United States Supreme Court has made clear that "[s]ubject-matter jurisdiction can never be waived or forfeited" and "objections may be resurrected at any point in the litigation . . . ." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also Arbaugh v. Y & H Corp.*, 564 U.S. 500, 506 (2006) (explaining "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.").

Here, it is undisputed that the Plaintiff challenges the Court's subject-matter jurisdiction over both claims alleged in his amended complaint. As explained above, § 301(a) of the LMRA does not completely preempt count I of the Plaintiff's amended complaint, thus depriving the Court of subject-matter jurisdiction over that wholly state-law claim for breach of contract. Likewise, the Court lacks subject-matter jurisdiction over the Plaintiff's claim for retaliatory discharge in violation of the Alabama Workers' Compensation Act. *See* Ala. Code § 25-5-11.1 (2020) (providing "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter . . ..").  A federal statute, 28 U.S.C. § 1445(c), and binding Eleventh Circuit precedent provide guidance.

11

Section 1445(c) provides "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." § 1445(c). The Eleventh Circuit has expressly held that claims brought pursuant to Ala. Code § 25-5-11.1 arise under Alabama's workers' compensation laws, thus subjecting such claims to § 1445(c)'s prohibition on removal. *See Reed v. Heil Co.*, 206 F.3d 1055, 1060-61 (11th Cir. 2000) (holding "[u]nder the plain meaning of section 1445(c), claims raised under section 25-5-11.1 arise under Alabama's workers' compensation laws . . . [p]ursuant to this holding, we conclude that the federal court lacks subject matter jurisdiction" over the plaintiff's retaliatory discharge claim); *see also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1097 (11th Cir. 1997) (holding "[§] 1445(c) is a jurisdictional-based limitation on the district court's removal power . . ."); *Alansari v. Tropic Star Seafood, Inc.*, 388 F. App'x 902, 905-06 (11th Cir. 2010) (concluding the district court erred in refusing to remand the plaintiff's state workers' compensation retaliation claim to state court "because the district court lacked subject-matter jurisdiction over" the claim).

Based on the foregoing authority, the Court determines that the Plaintiff did not waive his right to remand concerning his workers' compensation retaliation claim. Even if removal objections under § 1445(c) are waivable, subject matter jurisdiction is not.

## V. CONCLUSION

Accordingly, because § 301(a) of the LMRA does not completely preempt the Plaintiff's breach of contract claim, this Court lacks subject matter jurisdiction. Therefore, it is

ORDERED that the Plaintiff's Motion to Remand the case to the Circuit Court of Russell County (doc. 10) is  GRANTED and this case is REMANDED to the Circuit Court of Russell County, Alabama.

The Clerk of Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Russell County, Alabama.

DONE this 7th day of December, 2020.

                                      /s/ Emily C. Marks   
                                 EMILY C. MARKS  
                                 CHIEF UNITED STATES DISTRICT JUDGE